<div style="float:left">Shattuck<br>*vs.*<br>Maynard.</div>

that *Maynard* had not a legal residence in Gilsum, rather than in the supposition, that if he had, he could be held to do duty in Keene.

It is, therefore, the opinion of the court, that there be

*Judgment for the respondent.*

—»✦●✦«—

## HANNAH MOORE *vs.* E. K. FROST.

It has not yet been decided in this state, whether a writ of dower is within the statute of limitations of real actions; but if it be,

The statute does not begin to run against the claim of dower, until the death of the husband.

THIS was a writ of dower. The tenant pleaded in bar, " that the said *Hannah* has not, nor has any person, by, " through, or under whom the said *Hannah* has or makes " claim to the recovery thereof, been seized or possessed of " the land described in the said *Hannah's* writ, or of any par- " cel thereof, within twenty years next before the commence- " ment of this suit."

To this plea the demandant demurred, and the tenant joined in demurrer.

*Reed*, for the demandant.

*J. Parker*, for the tenant.

RICHARDSON, C. J., delivered the opinion of the court.

The statute of June 19, 1805, (1 *N. H. Laws* 169,) enacts, that " no person or persons, body corporate or politick, shall " make any entry into any lands, tenements, or hereditaments, " or shall make any prescription, title, or claim thereto, or " to any rents, annuities, or portions issuing therefrom, or " shall sue or maintain any action for the recovery or obtain- " ing possession thereof, unless such person or persons, body " corporate or politick, or the persons, under whom they re- " spectively claim, have been seized or possessed thereof " within twenty years next before the making such entry, or " commencement of such suit." The statute contains a pro- viso, that when any person, who shall be entitled " to make " any entry into any lands, tenements, and hereditaments, or " to bring any action or suit for the recovery thereof, or for

" the recovery of any rents, annuities, or portions issuing " therefrom," shall, at the time of said right or title first accrued to them, be within the age of twenty-one years, *feme covert,* &c., then such person may, notwithstanding the expiration of said term, make entry into, or bring an action for the recovery thereof, at any time within five years next after arriving at full age, or being *discovert.*

This statute was copied from the statute of June 16, 1791, (1 *N. H. Laws* 164) changing only the time of limitation; and the last mentioned statute was copied from the English statute of 32 H. VIII. cap. 2. *Bacon's Ab.* " *Limitation of actions,*" (B).—*Comyn's Digest,* " *Tems*" G.

The plea, in the case now before us, is founded upon the said statute of 1805; and the substance of it is, that no person by, through, or under whom the demandant claims, has been seized or possessed of the land within twenty years, next before the commencement of this action. Her claim is not founded upon her own seisin or possession. *Lord Coke* says, that " a tenancy in dower by assignment of the heir doth " work a degree, because she is in *by her husband.*" *Coke Litt.* 239, *a.* The plea then, in this case, amounts to nothing more than that the husband, *by whom* the demandant claims her dower, was not seized or possessed of the land within twenty years next before the teste of her writ; and the question to be decided is, whether under the statute this is a good bar to the action?

The statute is in its terms broad enough to embrace this case; but every statute is to have a reasonable construction, according to the true intent and meaning of the legislature. The principle, upon which the statute of limitations is founded, is, that he who has cause of action, and neglects to avail himself of the remedy, which the law furnishes, within the time limited, shall be presumed to have abandoned his right, and shall be forever barred of his remedy. But a wife, during the life of the husband, has in his lands only a future contingent interest, a mere expectancy, which cannot be affected by any act of the husband, nor of any third person. If then the statute embraces a wife's right of dower, and begins to run from the time, when the husband ceases to be sei-

Moore
vs.
Frost.

zed, she will be deprived of her dower in every case, where twenty years elapse after a conveyance of the land by the husband, and before his death ; and this without any neglect or *laches* on her part. It seems to us, that this would be unreasonable ; and we think it is very apparent, from the language of the proviso to the statute now under consideration, that the statute was intended to bar only those, who, being entitled to make an entry into lands, or to bring an action for the recovery of lands, rents, &c., neglect to avail themselves of those remedies within the time limited. For it can never be supposed, that the legislature could have intended to save from the operation of the statute the interests of a *feme covert*, in cases, where she and her husband might have a remedy, and avoid the effect of the statute, and yet leave the statute to run against her rights in instances, where she could have no power to do any thing to save her rights from its operation.

The books furnish many cases, where principles are recognized, which are altogether inconsistent with the principle, upon which this plea is founded. 4 *Coke* 8, *Bevil's case.* —3 *Levintz* 21, *Bennet vs. King.*—*Comyn's Digest* " *Tems*" G. 9, &c.—*Bacon's Ab.* " *Limitation of actions*" B.—8 *John.* 104, *Hogle vs. Stewart.*

Whether a widow would, under the statute, be barred of her dower by neglecting to claim it within twenty years after the death of the husband, need not be settled in this case. *Hitchcock & ux. vs. Harrington*, 6 *John.* 290. But we are clearly of opinion, that the statute cannot be construed to run against her right, until the decease of her husband, and that in this case, the plea must be adjudged insufficient.

*Judgment for the demandant.*