# Eli Barnard and Mary his wife *versus* Thomas Edwards.

#### A writ of dower is not within the statute of limitations.

This was a writ of dower brought to recover the dower of the said Mary in a lot of land in Keene, of which Ezekiel Moore her late husband was seized during the coverture.

The defendant pleaded in bar that the right and title of the said Mary to dower in the premises, if any she had, accrued to her more than twenty years next before the said Eli and Mary or either of them made any claim or demand of dower in the premises, and more than twenty years next before the commencement of this suit.

To this plea there was a general demurrer and joinder in demurrer.

*Edwards*, for the tenant.

*J. Parker*, for the demandants.

In *Moore* v. *Frost*, 3 N. H. Rep. 126, for want of a better defence, a plea of the statue of limitations was filed, which the court decided was bad. The plea here filed, it is true, is different from the one offered in that case, but we believe it is equally untenable. The question whether the statute of limitations extends in any case to dower, is there left undecided, but the authorities cited, Comyn's Dig. Temps. G. 9 ; 6 Johns. Rep. 290 and 8 Johns. 104, seem to be conclusive that it does not.

In the case of *Moore* v. *Frost*, the court say that our statute is copied from the English statute of 32 Henry VIII. chap. 2. In Comyn's Dig. it is held that this statute does not extend to a writ of right of dower, and in a late English work, Park on Dower 311, it is said that "no statute of limitations has prescribed any period for bringing a writ of dower."

In *Hogle* v. *Stuart*, 8 Johns. Rep. 104, neither the counsel or the court suggest that dower is within the general statute of limitations, and it is there held that another statute, more particular in its provisions, has no operation to bar dower.

In *Shaw* v. *White*, 13 Johns. Rep. 179, the husband sold the lands in 1765, and died within two years after, but the court said there could be no doubt that the demandant was entitled to recover.

" The statute was intended to bar only those who being entitled to make an entry into lands, &c. or to bring an action for the recovery of lands" &c. 3 N. H. Rep. 128.

But a widow has no right of entry until her dower is assigned to her. She has no estate in the lands until assignment. 1 Cruise's Dig. 159 ; Coke Litt. 36 *a.* ; Litt. Ten. sec. 43 ; 7 Johns. Rep. 247, *Jackson* v. *O'Donaghy* ; 4 Mass. Rep. 388, *Windham* v. *Portland* ; 9 ditto 13 *Sheafe* v. *O'Neil.*

Dower cannot be recovered in an action of ejectment, until regularly assigned. 19 Johns. 167 ; 20 Johns. 411.

The widow cannot enter, even after judgment without an assignment. 16 Mass. Rep. 193, *Hildreth* v. *Thompson.*

Nor has she right of action until after demand made. 1 N. H. Laws 187.

The heir, on whom the law casts the freehold, is not bound to assign dower until it is demanded. Bull. N. P. 117 ; 1 Cruise's Dig. 169 ; Coke Litt. 33, *a.*

The statute, if it had any application, would of course begin to run only from the time of demand, for no statute bars until the right of action accrues.

In cases of personal contract, where a demand is necessary, it would be no good plea to say that the contract was entered into more than six years before the demand, or action.

RICHARDSON, C. J. delivered the opinion of the court. We are of opinion that the statute of June 19, 1805, section 1, applies only to actions, entries and claims founded on some previous seizin or possession of the lands, tenements, or hereditaments demanded, from which seizin or possession the time of limitation may be dated ; and that dower is not within the statute. For we have decided that dower cannot have a limitation dated from the seizin of the husband. *Moore* v. *Frost*, 3 N. H. Rep. 126.

And it is clear that a limitation of dower cannot be dated from the seizin or possession of the demandant, because she cannot have either until dower has been assigned to her.

For these reasons we think that dower is not within the statute. Coke Litt. 115, *a. note* 149.

It is possible that there may be cases in which it would be proper to submit it to a jury to presume a release of a right of dower from a long delay to demand it under certain circumstances, after the right was known to have accrued. But the plea in this case is no answer to the action ; and must be adjudged insufficient.