By the Court.

It has been contended for the demandant, upon the facts exhibited by the pleadings in this case, that her title to dower has revived, and is as if she had never released it in the deed of mortgage. It would be singular, if when the tenant had paid the money due on the mortgage, and supposed that he had thus perfected his estate, by extinguishing the only encumbrance he knew to exist upon it, he should by that act revive the claim of the demandant, which she had before solemnly renounced under her hand and seal, and which, as he was under no obligation, it cannot be presumed he meant to do.
But the facts produce no such absurdity. When the tenant purchased the equity of redemption, it belonged to him to pay the money due on the mortgage, and thus rid his estate of that encumbrance. Having all the equitable interest in himself, when he had paid the money due by the mortgage, the legal estate followed the equitable interest, and he became seised of the whole fee simple. If this were not the plain, legal operation of the transaction, the law would * construe the discharge of the mortgage by the mortgagee a release of the legal estate by him to the tenant, who had become lawfully possessed of the equitable interest, and from whom the consideration for that discharge flowed, rather than such a mischief should follow.

Replication adjudged bad.