Sewall, J.,
delivered the opinion of the Court.
This appeal is from a decree of the judge of probate for the county of York, upon the return of a warrant to certain commissioners appointed therein, to assign to Mary O’Neil, widow of James O’Neil, deceased, intestate, her dower, £.‘ which to her happeneth in the real estate of the said deceased, whereof he died seised in fee.” The return by the commissioners is, that they have appraised all the real estate whereof James O’Neil died seised and possessed, without saying of what it consisted, and have set off to the widow, for her dower, certain parts of a dwelling-house, and house lot, and certain privileges therein, &c. * This return, considered at a probate court, with the objections thereto by “ the interested person,” as it is expressed in the decree, the judge accepted, and thereupon decreed that the said Mary have and hold the premises assigned, &c.
Among the reasons of appeal filed in this case, the last and more general objection to this decree is, that “ the report of the commis *18 sioners is in all respects erroneous, and contrary to the known laws and usages of the land, and made without regard to the interest of the said Jacob Sheafe, the owner of said estate.” And we are all of the opinion that a decree to the purpose of assigning dower, under the circumstances of this case, is an unsuitable exercise of the jurisdiction of the Probate Court; and as to the interest of a third person, not a party to the partition directed or attempted, such a decree is without operation or effect. But although the proceedings and decree may be considered a nullity, as to the in teiest of Jacob Sheafe, yet it was not improper to remove altogether this injurious formality by an appeal.
The assignment of dower is not, at common law, within the jurisdiction of the ordinary, or in any respect an incident to the administration of the estates of deceased persons. The exercise of this authority by judges of probate seems to be the result of certain provisions of the statute law of this commonwealth, respecting the distribution of the estates of intestates, extending to real as well as personal estates. I say the result, for I have not been able to find any direct provision on this subject.
The ordinance of the colonial government in 1641, (1) which directed that, when the husband or parents die intestate, the County Court of that jurisdiction, where the party had his last residence, shall have power to assign to the widow such a part of his estate as they shall judge just and equal, as also to assign and divide to the children their several parts and portions, was rather a provision for an allowance of sustenance, than for an assignment of ] dower. *For, as soon afterwards as 1647, (2) provision was made for the assignment of dower, as at common law, oy writ at the suit of the widow.
Under the provincial government, established by the charter of William and Mary, the Probate Courts succeeded to the County Courts in the jurisdiction of the goods and effects of deceased persons ; and the General Court, by the statute of distributions, (3) enacted in 1692, (4 Will. & Mary, c. 2,) empowered judges of probate “ to order and make a just distribution of the surplusage, or remaining goods and estate, as well real as personal,” in the manner therein directed. This distribution was to be, “ one third part of the persona] estate to the wife of the intestate forever, besides her dower or thirds in the houses and lands during life, where such wife shall not be otherwise endowed before marriage; and all the residue of the real and personal estate by equal portions to and among his children ; ” “ the division of houses and lands to be *19 made by five sufficient freeholders upon oath, or any three of them, to be appointed and sworn by the judge for that end.”
This was construed to be an authority to assign dower, either as a part in the distribution of the real estate, or as a reservation therefrom in the distribution among the heirs. For, by a posterior act, (4) judges of probate were directed and empowered, when they make out their warrants for the division of any real estate, or for setting off the widow's thirds, to direct a separation, &.C., where it lies in common with the estate of any other person.
In the revision of the ancient provincial acts, made since the revolution by the legislature of the commonwealth, what regards the distribution of the estates of intestates is chiefly comprised in the statute of 1783, c. 36, directing the descent of intestate estates, and empowering the judge of probate to make partition in certain cases. By that statute, lands and tenements descend to and among the children, or the legal representatives of deceased children ; or * to collateral heirs, when there are no children or descendants of the intestate. But it is declared that “ the widow of the deceased shall, in all cases, be entitled to her dower, and to a recovery of the same in the manner as the law directs.” And after the payment of debts, &c., the judge of probate of the county, &c., is to cause the residue to be divided, and partition thereof to be made to and among the children or heirs, as the law directs. And that this intends an authority to assign the widow’s dower, appears from the eleventh section of the same statute, by which a provision, similar to that before recited, is made in the same words. Judges of probate are directed, when they make out their warrants for the division of the real estate to and among the heirs, or for assigning the widow’s dower, to direct the commissioners to sever the real estate from any estate of another person with which it lies in common.
It is, I believe, by these indirect and implied provisions that judges of probate have exercised the authority of assigning dower to the widows of intestates. And when restricted to the lands and tenements, of which the intestate died seised, and to a partition between the widow and descendants, or the widow and collateral heirs of the intestate, and to cases where no contest is suggested, the process for the purpose is both economical and convenient. And, under such circumstances, it may be considered as a jurisdiction, by which the judge of probate affords its aid and sanction to an assignment of dower, with the consent of the parties concerned.
*20 But, in contested cases, and especially where the intestate was not, at his death, the tenant of the fee, where his heirs have no interest or concern in the assignment of dower; and where strangers, not presumed to be conusant of the proceedings in the Probate Court, have the whole interest and property, subject to the claim of dower; where the probate court is incompetent to any other purpose of partition, — a jurisdiction to assign dower would be as inexpedient as it is unnecessary. It would also be contrary to the * principles of common justice to con sider proceedings, for such a purpose, as conclusive against a stranger to the administration of the deceased’s effects, holding the estate under a title obtained from him in his lifetime. For such a case, a writ of dower is the suitable, and the only, adequate remedy, after a demand made, and a refusal to assign.
In the case at bar, it is admitted, on the part of the respondent, that the house and land, in which dower is assigned by virtue of a warrant from the judge of probate, had been conveyed in fee and in mortgage to the appellant by her husband in his lifetime. Of this estate, therefore, the husband did not die seised and possessed in fee; and while this mortgage continues in force, the fee being in the mortgagee, and not, as to him, in the heirs of the mortgagor, there can be no partition among them, nor any effectual assignment of dower to his widow, (if she is entitled,) against the consent of the mortgagee, by any process instituted in the probate office. (b)
*21 The decree is, therefore, reversed; and a remittitur of the proceedings is not required, as we are all of opinion that the judge of probate has no authority, which he can exercise under the circumstances of this case, for the assignment of dower.

 See Appendix to vol. ii. of Mass. Statutes, page 967.

 Ibid. 964

 Ibid. 969.

 Ibid. 981.

 [In England, no doctrine is more permanently settled, both in the courts of law and equity, than that a wife shall not have dower of a trust or equity of redemption. In case of a mortgage in fee before marriage, if the money be paid at the day in the condition, the estate will revest in the husband, and the wife will consequently become entitled to dower; but no subsequent payment of the mortgage money by the husband will render his wife dowable, if he die before a reconveyance of the legal estate of inheritance has been taken. If a mortgage in fee be made after marriage, with the assistance of a fine or recovery wherein the wife concurs, the wife may redeem, and so become entitled to dower; and she may redeem a mortgage for years made before marriage. But, in other cases, as chancery follows ’ the law, the widow will not be admitted to redeem. — Cov. Pow. Mortg. 700, in notis. — But the decisions of our courts cannot be reconciled with the law as above stated. In Holbrook vs. Finney, (4 Mass. Rep. 566,) lands were conveyed to the husband, during coverture, who at the same time gave back a mortgage, and it was held that the wife was not dowable. In Clark vs. Munroe, (14 Mass. Rep. 351,) where there was a conveyance to the husband in fee during the coverture, and a reconveyance to a third person, it was also held that the wife had no claim to dower. And in Bird vs. Gardner, (10 Mass. Rep. 364,) where a third person conveyed lands to the husband during coverture, subject to a mortgage, the right of the widow to dower was denied; and Seioall, J., in delivering the opinion of the Court, said, u It is toell settled that a wife is not dowable, of an equity of redemptionF But, in Bolton vs. Ballard, (13 Mass. Rep. 229,) where it is difficult to sec how the husband was ever legally seised in fee, having parted with a right in equity conveyed to him, upon an agreement that his vendee should pay the mortgage money, the widow was allowed her dower. And Parker C. J., in giving the opinion of the Court, said that the question whether a widow is dowable of ax equity of redemption only
*21 " had not received a direct judicial decision with us.” In Snow vs. Stevens, (15 Mass. Rep. 278,) the husband, during the coverture, had only an equity of redemption; and after a divorce from the bonds of matrimony, the mortgage money being paid by the administrator of the grantor of the equity, but the mortgage having been assigned to a third person, the widow obtained dower. And Parker, C. J., in delivering the judgment of the Court, said that the general position that a widow is not dowable of an equity of redemption was not true. “ JVo case had been decided on that principle. The doctrine went no further than that the widoio of him that was seised only of a right to redeem should not have dower against the mortgagee.” In Barker vs. Parker, (17 Mass. Rep. 566,) where the husband mortgaged lands, and the wife released her dower by the same deed, and the equity of redemption was sold on execution, and the time for redeeming from the purchaser had long since expired, but the mortgage money was finally paid by a tenant of the mortgagor, who took a release to the mortgagor, it was held that the wife should have her dower. And Putnam, J., speaking of an equity of redemption, said, 11 Where the husband has been seised of such an estate during the coverture, the widow would be dowable, and she would have a right to redeem the same.” In Gibson vs. Crehore, (3 Pick. 481,) where a mortgage was made during coverture, in which the wife released her dower, Parker, C. J., speaking of the right of widows to dower in equities of redemption, says, “ Without doubt they are entitled against all but the mortgagee and those claiming under him, and may enforce their claims at law.” And in the same case, on another hearing on a bill in equity, Wild,' J., delivering the opinion of the Court, said, “ That the zoidow of a mortgagor is entitled to redeem, is a necessary inference from the doctrine repeatedly laid down as the law of Massachusetts, that a widow is dowable of an equity.” It was finally held that, on redeeming, she should have her dower. In Popkin vs. Bumstcad, (8 Mass. Rep. 491,) where the wife released her dower in a deed of her husband mortgaging lands which were redeemed by the purchaser of the equity of redemption, sold by the administrator of her husband, it was held the wife was not dowable. But, in Hilduth vs. Jones, (13 Mass. Rep 525,) where the administrator discharged the mortgage after the husband’s death, the widow was allowed her dower. — For other American cases, see 6 Johns. Ch. R. 258. —2 Serg. & Rawl. 554. — 4 Dess. 638. — 1 Con. Rep. 559. — 1 South. 260. — 2 South. 865. —1 Randolph, 344. And see Walker vs. Griswold, 6 Pick. 416. — Gibson vs. Crehore, 5 Pick. 146. — Messiter vs. Wright, 16 Pick. 151. — Jennison vs. Hapgood, 14 Pick. 345. Vide Rev. Stat. c. 60, § 2. — Ed.]