Parker, C. J.
The general position, that a widow is not dowable of an equity of redemption, we think, is not true, in the extent contended for by the counsel for the tenant. No case has yet been decided upon that principle. In the cases cited, (1) the doctrine goes no farther than that the widow of him who was seised only of a right to redeem, should not have dower against the mortgagee To this effect is the case of Bird vs. Gardner, which is principally * relied upon ; in which, although there are some general expressions which go farther than the case required, yet the decision was only that the claim of dower could not be maintained against the mortgagee and his assigns.
*257 By the common law it may well be that a woman shall not be endowed of an e.quity ; because it is an estate not known at law, and existing only in equity. But then the interest of the widow in such estate is protected by the Court of Chancery.
In this commonwealth, an equity may be, to some purposes, con sidered a legal estate. It is so, in fact, against all but the mortgagee and those holding under him. For he that is seised of it may maintain his writ of entry, or his action of trespass, against any stranger ; and he is generally in possession of the land when mortgaged, until condition broken.
The tenant, in the case at bar, cannot be considered as now holding under the mortgage. He came in by purchase under the demandant’s husband, and procured an assignment of the mortgage, to strengthen his title. But the debt has been paid by the administrator of Tattle, who conveyed to Jonathan Snow, the demandant’s husband. The mortgage cannot be considered as subsisting, but as cancelled and extinguished ; and the tenant holds under Snow, and not under the mortgagee — so that there is no legal reason why the demandant should not be endowed, (a)

Tenant defaulted

 Powell on Mortgages, 718. — 4 Mass. Rep. 566, Holbrook vs. Finney. — 7 Mass Rep. 253, Eldredge & Al. vs. Forrestal & Ux. — 8 Mass. Rep. 491, Popkin vs Bum stead. —10 Mass. Rep. 364, Bird vs. Gardner.

 See note to Sheafe vs. Oneal, 9 Mass. Rep. 13, and the cases there cited.— Gibson vs. Crehore, 5 Pick. 146.— Collins vs. Torry, 7 Johns. R. 278.— Shoemaker vs. Walker, 2 Serg. R. 554.— Reed vs. Harrison, 12 Serg R. 18. — Clairborne vs. Henderson, 3 H. & M. 322.