## HULDAH EATON *versus* SHEPHERD SIMONDS.

The widow of a mortgager is entitled to dower in the equity of redemption, notwith
   standing that in the deed of mortgage she may have released her right of dower,
   and although she cannot maintain an action at law against the mortgagee or his
   assignee, yet if the mortgage is not foreclosed, a court of equity will interpose and
   allow her to redeem.

The owner of land mortgaged it, and his wife released her right of dower; the equity
   of redemption was afterwards sold to the defendant on an execution issued against
   the mortgager, and the defendant having paid the amount due thereon to the mort
   gagee, claimed an assignment of the mortgage; but, the mortgagee declaring that
   an assignment would be unnecessary, the mortgage was discharged upon the mar-
   gin of the record in the registry of deeds.   It was *held*, that this discharge was an
   extinguishment of the mortgage, and not an equitable assignment; and that the
   widow was entitled to dower in the land free from the incumbrance of the mortgage.

The owner of land mortgaged it, his wife releasing to the mortgagee her right of
   dower; and after condition broken the equity of redemption was sold to the de-
   fendant on an execution against the husband.   The defendant entered immediately
   into possession, and afterwards he procured an assignment of the mortgage.   He
   had continued in possession more than three years after the assignment, when the
   husband died, but no notice was ever given to the wife that he was in possession
   for condition broken.   It was *held,* that the wife had a right to redeem, in order to
   be let in to her dower.

It was also *held*, that the defendant was not chargeable with the rents and profits re-
   ceived during the life of the husband, but that he must account for those received
   since his death; and that the allowance to the defendant, in the account, for repairs
   must be limited to such as were made since the death of the husband.

Upon a bil. to redeem, it was *held*, that if the mortgagee actually occupied the estate himself, he is not to be allowed, as a compensation for his care of the estate, any commission on the rent with which he is charged by the master in chancery, in stating the account.

Eaton
*v.*
Simonds.

THIS was a bill in equity to redeem certain mortgaged real estate in Boston.

The bill alleged, that the complainant was, on May 16, 1805, married to Nathan Eaton of Boston ; that during the coverture, he became seised of the premises, and on October 22, 1819, mortgaged them to Lucy Ridgway, in order to secure the re-payment of the sum of $ 1000 borrowed of her and which was payable in two years with interest ; that the complainant became a party to the conveyance, so far as related to her right of dower ; that on or about April 26, 1823, the sum so borrowed not having been fully repaid, the equity of redemption was attached by a deputy sheriff upon an execution issued on a judgment recovered against the mortgager, and by virtue of such execution was sold by auction to the respondent ; that the respondent, having on May 26, 1823, obtained a conveyance thereof from the deputy sheriff, took possession of the premises, and has ever since continued to take the rents and profits thereof ; that on or about January 3, 1824, the respondent obtained an assignment of the mortgage from Lucy Ridgway ; that on August 31, 1828, the mortgager died ; that upon his death, the complainant became entitled to dower in the premises, subject only to such mortgage, and had lawful right to redeem, upon tendering payment of the amount due thereon ; that on April 3, 1829, the complainant demanded of the respondent an account of the sum due on the mortgage, and of the rents and profits, in order that she might make such tender, but that the respondent had unreasonably refused to render any account whatever ; that although the respondent entered into possession of the premises under the purchase of the equity, yet he never made known that he had taken possession, in the presence of two credible witnesses, for a breach of the condition of the mortgage and for the purpose of foreclosing, and that no notice was ever given to her of any intention on his part to make such entry ; that the respondent sometimes pretends, that in

Eaton
*v.*
Simonds.

November 1811, Nathan Eaton mortgaged the premises to William Eaton, to secure the payment of divers promissory notes, payable by Nathan to William, and that afterwards, three of the notes remaining unpaid, the same were assigned, together with the mortgage, to George Blake, Esq., a counsellor of this Court, and that the complainant, by joining in such mortgage, and thereby relinquishing her right of dower, is now barred therefrom, as well as from any right of redeeming the premises ; but the complainant charges, that all the sums due upon such mortgage were paid by Nathan Eaton, and that afterwards Blake discharged the same in the margin of the record in the registry of deeds, and that the mortgage was thereby extinguished. Wherefore the complainant prays, that the respondent may state the amount of the mortgage to Ridgway and of the sums paid thereon ; that an account may be taken of the rents and profits, and if it shall appear that they have been more than sufficient to satisfy the principal and interest of such mortgage, that the residue or her just proportion thereof may be paid over to the complainant ; that the complainant may be permitted to redeem the premises, and have her dower set out therein, she hereby offering to pay such sum as shall be due to the respondent ; that he may be ordered to deliver up possession of the premises to the complainant ; and that she may have such other and further relief &c.

The answer denies that the mortgager was so seised of the estate as is alleged in the bill, or that the complainant has any right to redeem the same, and alleges that on November 7, 1811, William Eaton sold and conveyed the premises in fee to Nathan Eaton, and that the mortgage to William, which is referred to in the bill, was made at the same time, to secure the payment of a portion of the purchase money ; that Nathan Eaton died without ever having paid or tendered to the respondent the sum paid by him on the purchase of the equity of redemption, amounting to $ 1750, with interest, or in any manner redeemed or attempted to redeem such equity, and without ever having paid or satisfied the sums secured by either of the mortgages or procured them, in any manner, to be discharged ; that on July 22, 1823, it was agreed between

Blake and the respondent, that Blake should transfer to the respondent the notes and mortgage so assigned to Blake by William Eaton, and that the respondent should pay to Blake the principal and interest due thereon, amounting to $722·68 ; that on the same day the respondent, having paid this sum in pursuance of this agreement, expected and claimed an assignment of the notes and mortgage ; but that Blake declared that any assignment thereof would be unnecessary, inasmuch as the respondent had purchased the equity of redemption ; that thereupon Blake discharged the mortgage so assigned to him, upon the margin of the record in the registry of deeds, for the benefit of the respondent ; and that neither Nathan Eaton, nor any one in his behalf, ever paid such sum to Blake, or any part thereof, or in any manner caused such mortgage to be so discharged ; that the several notes aforesaid, and the interest accrued thereon, still remain due to the respondent ; and that by reason of all these facts, purchases &c., and the lapse of time after the purchase of the equity of redemption and before the death of Nathan Eaton, the respondent had an absolute and irredeemable estate in the premises.

The answer further denies that the respondent ever took possession of the estate by force of these mortgages or either of them, or that he ever attempted to foreclose the same, or became the trust agent for receiving the rents and profits under the mortgages ; and alleges that, on the contrary, he has uniformly claimed to be in possession and to receive the rents and profits, by virtue of the conveyance of the equity of redemption to him by the deputy sheriff.

The answer further alleges, that although the respondent cannot say certainly what the estate might have produced if rented, he having occupied the same in person, yet, according to the best of his knowledge and belief, the average value of the estate, since the same came to his possession, has not exceeded the sum of $200 per annum ; denies that the rents and profits ought to be applied exclusively in discharge of the mortgages or either of them ; and alleges that he is advised and believes, that if it shall be adjudged, that he is bound in any manner to account for such rents and profits, the same should be first applied in discharge of the sum paid by him for the equity of redemption.

Eaton
v.
Simonds.

9 *

Eaton
*v.*
Simonds.

The Court ordered that, on the coming in of the answer, the cause should be referred to one of the masters in chancery, to examine and state the amount due on the mortgages, with the circumstances appearing on record or otherwise, in relation to the discharge or assignment of them or either of them, the amount of the rents and profits which have been or might have been made of the premises, and the amount laid out in necessary repairs and betterments by the respondent, since he came to the possession thereof.

On June 8, 1830, the master made his report.

The complainant excepted to the report, on the ground that the master allowed a commission of five per cent. to the respondent on the amount of the rents with which he charged him, when in truth the respondent himself occupied the estate, and consequently incurred no expense, and was put to no labor in letting the house or collecting the rents. The complainant prayed that the residue of the report might be confirmed.

The respondent excepted to the report for the following reasons, among others : — 1. because the master considered that, in contemplation of law, the respondent was in possession of the estate under and as assignee of the mortgages from the time the same were purchased by him, whereas he was in fact in possession under the conveyance to him of the equity of redemption ; this being according to his intention and his best interest and advantage : — 2. because the master did not allow the respondent, as a proper charge upon the estate, the sum of $ 1750, paid by him for the equity of redemption : — 3. because the master allowed and charged against the respondent, in the account of rents and profits, those sums received by him *before* the death of Nathan Eaton, as well as those received after his decease ; when in truth the respondent avers, that being in possession under his purchase of the equity, he had a right to apply the rents and profits towards the sum paid for the equity, up to the time of the decease of Nathan Eaton and up to the time of the demand for an account, if no longer.

June 15th,
1830.

*D. A. Simmons* for the respondent. We suppose that the estate of the respondent in the premises is absolute and not subject to redemption. *James v. Morey*, 2 Cowen, 246 ; *Walker v. Griswold*, 6 Pick. 416. The mortgager had lost

his right to redeem, before his death, and therefore no right of dower in the equity of redemption could accrue to the widow, upon that event. *Ingersoll* v. *Sawyer*, 2 Pick. 276 ; *Punderson* v. *Brown*, 1 Day, 93.

As to the first exception of the respondent, the following cases are in point : *James* v. *Morey*, 2 Cowen, 246 ; *Gardner* v. *Astor*, 3 Johns. Ch. R. 53 ; *Gibson* v. *Crehore*, 3 Pick. 475 ; Powell on Mortgages, (Rand's edit.) 1088 ; *Popkin* v. *Bumstead*, 8 Mass. R. 491 ; *Harris* v. *Dexter*, 2 Mason, 531.

As to the third exception of the respondent, we cite *Herbert* v. *Wren*, 7 Cranch, 370.

*Aylwin*, for the complainant, cited *Gibson* v. *Crehore*, 5 Pick. 146 ; *Snow* v. *Stevens*, 15 Mass. R. 278 ; *Casborne* v. *Scarfe*, 1 Atk. 603 ; *Wade* v. *Howard*, 6 Pick. 492.

WILDE J. delivered the opinion of the Court. This case comes before us on exceptions taken by both parties to the report of the master ; but the principal question depends upon the facts appearing by the bill and answer. The question is, whether the plaintiff is entitled to dower in the estate described in the bill ; and if so, upon what terms she may enforce her claim in a court of equity. That she has an equitable claim of dower is fully settled by the decision in the case of *Gibson* v. *Crehore*, 5 Pick. 146. It was decided in that case, and so it had been frequently held before, that a widow is dowable of an equity. And although she cannot maintain an action at law against the mortgagee, or his assignee, after having joined her husband in a mortgage, relinquishing her right of dower; yet if the mortgage is not foreclosed, a court of equity will interpose and allow her to redeem.

The question then is reduced to this, namely, whether the plaintiff, to entitle herself to dower, is obliged to redeem, or to contribute her share to redeem, both of the mortgages mentioned in the bill. The plaintiff admits, in her bill, that she is bound to redeem the mortgage to Lucy Ridgway, that mortgage having been regularly assigned to the defendant. But she denies her liability to redeem the other mortgage, given to William Eaton, because this mortgage, as she avers, has been paid and discharged, and is no longer an existing

*Margin notes:*

Eaton
*v*
Simonds

*March 31st*
*1832*

incumbrance on the premises. The answer admits that this mortgage was assigned to George Blake, Esq., and that the defendant has paid the full amount due thereon to Blake ; and that Blake thereupon discharged the mortgage upon the margin of the record thereof, for the benefit of the defendant. But this discharge, the defendant's counsel contend, will operate as an equitable assignment, as it was so intended to operate by the parties ; and that the union of the legal and equitable titles may well exist without producing the effect or a merger, or the extinguishment of the mortgage. Perhaps this might be so, if the discharge could be considered as an assignment of the mortgage.

The general principle is, that when the purchaser of a right to redeem takes an assignment, this shall or shall not operate as an extinguishment of the mortgage, according as the interest of the party taking the assignment may be, and according to the real intent of the parties. *Gibson* v. *Crehore*, 3 Pick. 482. But Chief Justice *Savage* remarks, in the case of *Coates* v. *Cheever*, 1 Cowen, 460, " that the spirit of the cases seems to be this ; that where the tenant in possession enters by virtue of a purchase from the mortgager, then the subsequent purchase of the mortgage by him is an extinguishment." And that case was decided upon that principle. The same principle is laid down in *James* v. *Morey*, 2 Cowen, 301, and in other cases. *Forbes* v. *Moffatt*, 18 Ves. 390 ; *Gardner* v. *Astor*, 3 Johns. Ch. R. 53. The rule at law is inflexible, that where a greater and a less estate meet and coincide in the same person, in one and the same right, without any intermediate estate, the less estate is immediately annihilated or merged ; and the same rule applies to the union of the legal estate with the equitable interest. But this rule is not inflexible with courts of equity, but will depend on the intention and interest of the person in whom the estates unite.

In the present case, however, the doctrine of merger is not applicable, for the estate in the mortgage of William Eaton was never assigned to the defendant, and never vested in him ; so that it could not unite with the equitable title in him, so as to operate as a merger. But this mortgage has been legally discharged, the debt has been paid, and can no longer

be set up as a subsisting title, either at law or in equity. It makes no difference that the defendant was advised and supposed that a discharge of the mortgage would be equally beneficial to him, as an assignment. This was a mistake, which, however, this Court has no power to correct.

With regard to the exceptions to the master's report in stating the account, we think two of them are well founded and are to be allowed.

The plaintiff excepts to the allowance of a commission to the defendant on the rents and profits, he having occupied the premises in person during the whole time. The rule is, that a mortgagee in possession, who manages the estate himself, is not to be allowed for his own care and trouble ; otherwise, if he employs a bailiff, or lets the estate to a tenant ; and so is the rule in England. *French* v. *Baron*, 2 Atk. 120 ; *Godfrey* v. *Watson*, 3 Atk. 518 ; *Bonithon* v. *Hockmore*, 1 Vernon, 316.

We are of opinion also, that the master erred in charging the defendant with the rents and profits during the life of the plaintiff's husband. He had a right to possession, and to the rents and profits, as against the husband, under his purchase of the equity, and it does not appear that he ever entered under the mortgage in question ; nor had he any right to enter, the same having been discharged. Nor does it appear, that he entered under the other mortgage. The plaintiff in her bill avers, that the defendant entered under his purchase of the equity, and never gave any notice of his entry under the last mentioned mortgage. This case, therefore, on this point, materially differs from that of *Gibson* v. *Crehore*.

We think, however, the defendant is liable to be charged with the rents and profits from and after the death of the husband, for he could not hold under the purchase of the equity against the plaintiff, and he is to be presumed to hold under his legal title. The defendant's charge for repairs is also to be limited to the time since the death of the husband.

These two exceptions are to be allowed, and the others are disallowed, and the account is to be corrected accordingly.

The Court having made a decree in conformity with this opinion a motion was now made on the part of the respond-

*Eaton*
*v.*
*Simonds.*

*April 9th,*
1832.

Eaton
*v*
Simonds.

ent, to vary and rectify the minutes of the decree, on the following grounds : 1. because the decree supposes, that the mortgage to Eaton, which was allowed by the master as a just charge upon the estate, was to be considered as extinguished ; 2. because no exception was taken by the complainant to the allowance of such mortgage by the master ; but on the contrary, the complainant having excepted to the allowance by the master to the respondent, of a commission for collecting rents, prayed that the residue of the master's report might be confirmed.

*June 27th,*
1833.

WILDE J. delivered the opinion of the Court. Since an opinion was given in this case, the defendant has moved the Court to rectify the minutes of the decree, on the suggestion, that no exception was taken to the report of the master, in which the mortgage to William Eaton is stated as a subsisting and valid mortgage.

We were somewhat surprised at this suggestion, because not only was there such an exception in the copy furnished to the Court, but it appears from the plaintiff's bill, that she denied, in the outset, that this mortgage was a subsisting mortgage, which she was bound to redeem ; and it hardly can be supposed, that her counsel would waive so important an exception. How the fact was, however, does not appear, for the counsel do not agree, and we do not think it important to inquire further, for if the plaintiff's counsel did omit to file the exception to the master's report in season, we think the question as to the discharge of the mortgage, and whether or not it could be considered as assigned to the defendant, was open for the consideration of the Court upon the bill and answer.

The answer expressly admits all the facts which have any bearing upon that question ; and although the master was authorized to examine and state the facts and circumstances appearing on record or otherwise, in relation to the discharge or assignment of the mortgages mentioned in the bill, yet he was not empowered to decide upon those facts, except incidentally by stating an account of the sum due on the mortgages, with an account of the rents and profits and the repairs, &c The reference was made out of the ordinary course, and be

fore the answer was filed, for the purpose of expediting the final decision of the cause ; but it was not intended to authorize the master to decide the question whether the first mortgage was discharged or not, but to report facts. This then, we think, was an open question, and was, as it still seems to us, rightly decided. We have, however, examined the cases cited by the defendant, but do not find that they impugn, in any respect, our former decision, excepting perhaps the case of *Popkin* v. *Bumstead*, 8 Mass. R. 491 ; and that is distinguished from this, in an important particular. The defendant in that case had purchased of the administrator of the mortgager, and thereby acquired the same rights which the administrator would have had if he had paid off the mortgage for the benefit of the heirs. The mortgage was paid off after the death of the mortgager, when the widow's right of dower had become perfect, and it might therefore be supposed, that she was not entitled to dower without contributing her share of the redemption money, and that the case came within the principle laid down in *Gibson* v. *Crehore*, that where several are interested in an equity of redemption, and one only is willing to redeem, he must pay the whole mortgage debt ; and in such case he is, in a court of equity, considered as assignee of the mortgage, and as standing, after such redemption, in the place of the mortgagee, in relation to the other owners of the equity.

Unless the case of *Popkin* v. *Bumstead* can be supported on some such distinction, it is difficult to perceive any legal or equitable ground on which it can stand. It is difficult also to say how that case could be decided on rules of equity, it being an action at law ; but unless the principle of contribution does apply, the case seems opposed to the whole current of the authorities.

In the present case, the plaintiff clearly was not bound to contribute to the redemption of the first mortgage when it was paid off and discharged. That was done during the life of the husband, and clearly the wife then was not bound to contribute, and the husband was not bound to repay the mortgage debt, unless he saw fit to redeem the equity. The defendant therefore redeemed in his own right. He bought the equity sub-

ject to these mortgages, and there seems to be nothing ine-quitable in holding him bound to redeem them.

In the case of *Swaine v. Perine*, 5 Johns. Ch. R. 482, it is decided by Chancellor *Kent*, that if the heirs pay a mort-gage, the wife shall contribute as to the amount paid by the heirs, but that as far as the husband had reduced the mortgage in his life time, that was doubtless so far a reduction for the benefit of the wife as well as himself. The same rule will hold where payment is made by the assignee of the husband during his life time ; and this is decisive in the present case.

*Motion to vary the minutes overruled.*