The opinion of the Court, was delivered by
Hoknblowek, C. J.
Ever since the decision of the Court of Appeals, (2 South. R. 865.) reversing the judgment of this Court in the case of Montgomery v. Bruere, (1 South. R. 260) I have considered it as settled law in this State, that a widow is entitled to dower of an equity of redemption : and if any doubt remains *129 upon the subject, I am prepared to reiterate the opinion expressed upon that point by Mr. Justice Southard in that case.
I proceed then upon the principle, that such is the law in this State. In the case of Montgomery v. Bruere, two questions were involved: first, a question of law; namely, whether a widow could be endowed of an equity of redemption: and secondly, whether, in point of fact, the defendant held under the mortgage set up by him in bar of her dower. The Court of Appeals in coming to the decision they did, must not only have decided, that a widow was dowable of an equity of redemption; but also that the defendant had no right to the Mortgage, and derived no title under it: otherwise, according to my apprehension of the law, they could not have given judgment for the demandant. It is upon that ground, that all the cases go. The widow can no more recover dower against the mortgagee or his assigns, holding under the mortgage, than the mortgagor himself could recover against such a tenant in ejectment. In Hitchcock and ux: v. Harrington, (6 Johns. R. 290,) cited by demandant’s counsel, the mortgage had actually been paid off, and in the language of the Court, in that case, “the defendants held under the title and seisin of the husband existing prior to the mortgage; they did not pretend to hold under the mortgage.” And the question in that case was considered the same as if the heir of the husband, had been the defendant in dower. So in Collins v. Torry, 7 Johns. R. 278, the judgment of the Court, went upon precisely the same ground : there was an outstanding mortgage, and for aught that appeared, an unsatisfied one, given, as in this case, not by the demandant’s husband, but by his grantor. But the tenant derived his title from, and held under the title of the husband, as it existed during coverture. “ He shews,” the Court say, “ no title u-nder the mortgage, and he cannot therefore set it up to defeat the widow’s dower.”
So loo, in Coles v. Coles 15 Johns R. 319 ; the tenant claimed by deed from the demandant’s husband and set up no title whatever under the mortgage, which was outstanding in other hands-. In the case before us, however, the plaintiff’s counsel did not pretend that his client could succeed if the defendant held under or by virtue of the mortgage which was given by Hulse and his-wife to Vaughn. — On the contrary he assumed as the basis of his- *130 argument, thatthat mortgage had been satisfied and extinguished; not indeed by payment, but by operation of law, under the influence of the doctrine of merger; — He insisted that the moment Vaughn the mortgagee, took a release or conveyance of the equity of redemption, the mortgage debt was satisfied, and the mortgage itself ceased to exist. In this, however, he was mistaken. The 'rule is no doubt, “inflexible” at law, that a less estate is merged in the greater, when they meet in the same person in the same right. (Powell on mortgages 1089, a in note. James, v. Morey, 2 Cowen R. 246.) So too, where the equitable and legal estate, become united in one person, and in the same right, the equitable is merged, in the legal estate — as if the owner of an equity of redemption, pays off a subsisting mortgage, and takes an assignment of it; he thereby extinguishes the incumbrance, and exonerates the estate. So where, as in this case, the mortgagee purchases in, the equity of redemption, the legal and equitable estates become united in him, and his legal title prevails. But what then ? Can the widow say to the mortgagee, you have taken the pledge for the debt; your mortgage is therefore satisfied: it is now as if no mortgage had ever existed ; and therefore you must give me back a part of the pledge : You must let me have my dower in the land. But is this reasonable? Does it satisfy the moral principles of the law? May not the tenant reply, with much more of justice and propriety, true; I have taken the pledge for the debt. I am willing to consider that as paid off; but if you are not satisfied with the bargain, and wish to take back a part of the pledge, you may do so; only restore to me a proportionate part of the debt. If the doctrine of merger, or any other “inflexible” rule of law, compelled us to reject such a reply, it would be an affront to common sense, and a reproach to the administration of justice. But no such difficulty meets us. — We need neither violate the principles of justice, nor the rules of law. We have only to rescue the latter, from a total misapplication of it, by the plaintiff’s counsel. It is true, the mortgagee, by purchasing in, and taking to himself a conveyance of the equity of redemption, has put an end to his mortgage, as such: It has ceased to be, what it once was, a mere security for a debt: but it is not paid off, cancelled or destroyed, It has not become a nullity. On the contrary it *131 has acquired more permanency and force. The equity of redemption being separated from it, and extinguished, it is converted into a legal title. Henceforward, he holds not a defeasible, but an absolute estate; and he holds that estate, under the mortgage deed. It has become his title deed. The counsel for the demandant therefore, entirely misapprehended the effect of the merger in this case. It is the equitable, not the legal estate, that is sunk and gone. The former belonged to the mortgagor and those claiming under him; the latter belonged to the mortgagee and his assigns. After the release of the equity of redemption to Vaughn the mortgage deed in connection with the release, constituted his title — he had no other title. He thenceforth held under the mortgagor; and the defendant Ann Reid standing now in his place, and holding as she does, under and by virtue of the mortgage, the demandant cannot recover against her at law, whatever she may in equity, on a bill to redeem pro tanto — I lay no stress on the assignment of the bond and mortgage, by Vaughn to Ann Reid. They are defunct, as securities; and have become only muniments of title. They would have passed as effectually for all useful purposes, by mere delivery to her, as by written assignments. She never can use them otherwise than as evidences of her title.
The ground upon which the Courts in this country, have given dower of an equity of redemption, is that the mortgagor is to be regarded, as being legally as well as equitably seized, in respect to all the icorld, except the mortgagee and his assigns — (4 Kent’s Com. 1 ed. 45.) But as respects the mortgagee and his assigns, the mortgagor, is never considered as having a legal seisin from the time he executes the mortgage, so long as it remains in fores1 and unsatisfied. Now as seisin in the husband during coverture, is absolutely necessary to entitle the widow to dower; if the marriage did not take place, until after the mortgage was given, the widow can have no right of dower, against the mortgagee or any tenant holding under him, unless the mortgage has been satisfied in tbe life time of her husband. But where the husband executes to the mortgagee, a release of the equity of redemption, though it extinguishes the mortgage, as a security, it at the same instant, terminates the mortgagor’s title. There is no intervening period of time, during which the mortgagor can be seized ; *132 and consequently, as against the mortgagee, the right of dower never attached for one instant — (4 Kent’s Com: 1 ed. 45, Coates v. Cheever, 1 Cowen 460, Jackson v. Dewitt, 6 Id. 316, Popkin v. Bumsted, 8 Mass. R. 491, Bird v. Gardner, 10 Id. 364.)
In this case however, it is unnecessary to enquire into the effect of the release of the equity of redemption, by the husband, since as appears by the state of the case, he never made such release.’ He died leaving the mortgage in full force; a circumstance, which if I had noticed sooner, would have saved me the trouble of writing so much as I have done. Woodhull the husband of the demandant, died in January 1833; whereas Baird his assignee, did not convey the equity of redemption to Vaughn, until April 1833. Consequently the demandant's husband never was seized during her coverture, as beeween him and the mortgagee, and she therefore never had any right of dower against the mortgagee or any person claiming under him. My opinion is that judgment must be rendered for the defendant.
Ford and Ryerson, Justices concurred.

Judgment for the defendant.

Cited in Yeo v. Mercereau, 3 Harr. 389; Thompson v. Boyd, 1 Zab. 62-64; Van Wagenen v. Brown, 2 Dutcher 204; Duncan v. Smith, 2 Vr. 327; Wade v. Miller, 3 Vroom 303-308; Mulford v. Peterson, 6 Vr. 131; Chiswell v. Morris, 1 McCart. 103-104; Eldridge v. Eldridge, 1 McCart. 198.