LUCIA E. STRONG *vs.* HIRAM CONVERSE.

If land is conveyed by a deed of warranty, subject to a mortgage, the grantee does not thereby undertake nor become bound to pay off the mortgage; and if he does so, and takes an assignment thereof to himself, the mortgage is not thereby discharged, nor can the widow of the grantor maintain a writ of dower against him.

WRIT OF DOWER, brought by the widow of Chester Strong.

At the trial in the superior court, it appeared that in June 1849 Cyrus Knox and wife were seised in fee of the premises, and on that day conveyed the same to Harvey Strong and

Chester Strong, as tenants in common, who at the same time mortgaged the premises to Knox and wife to secure the sum of $700, with interest, that being the whole consideration of the purchase.    In September 1853 Harvey Strong and Chester Strong conveyed the premises to the tenant, by deed of warranty, subject to the said mortgage.    The demandant did not sign either of said deeds.    In September 1857 the tenant recovered judgment against Harvey and Chester Strong for possession of the premises, and in November 1857 was put in possession thereof, and has since remained in peaceable possession. In January 1859 the tenant purchased the mortgage to Knox and wife, and took an assignment thereof to himself, paying therefor the full amount of the original note and interest from its date, nothing having ever been paid thereon.    The demandant's husband died in February 1863, and in May of that year she demanded her dower.

Upon these facts, judgment was rendered for the tenant, and the demandant appealed to this court.

*J. Wells,* (*J. G. Allen* with him,) for the demandant.    The tenant having taken a deed of warranty subject to the mortgage, was bound to pay the mortgage debt.    Having paid it, he has no right to set it up as an outstanding, unsatisfied claim. *Wedge* v. *Moore,* 6 Cush. 10.    *Brown* v. *Lapham,* 3 Cush. 551, and cases there cited.    *Wade* v. *Howard,* 6 Pick. 492.    *Bolton* v. *Ballard,* 13 Mass. 227.    The assignment will therefore have the effect to extinguish the mortgage, and leave the demandant entitled to dower, free from incumbrance.    *Snow* v. *Stevens,* 15 Mass. 278.    *Popkin* v. *Bumstead,* 8 Mass. 491.    Being entitled to dower, the demandant may have it set out to her on this writ, under Gen. Sts. *c.* 90, § 2.    *Newton* v. *Cook,* 4 Gray, 46.    *Pynchon* v. *Lester,* 6 Gray, 314.

*C. A. Winchester,* (*H. Morris* with him,) for the tenant, in addition to cases cited by the demandant, cited *Webster* v. *Campbell,* 1 Allen, 313 ; *Henry's Case,* 4 Cush. 257 ; *McCabe* v. *Bellows,* 7 Gray, 148; *Evans* v. *Kimball,* 1 Allen, 240 ; *New England Jewelry Co.* v. *Merriam,* 2 Allen, 390.

DEWEY, J.    The estate passed to Knox and wife by the

mortgage deed of Harvey Strong and Chester Strong, free from any claim to a right of dower in the demandant, so long as that mortgage remained undischarged. If that title still exists, and is now legally held by the tenant, it constitutes a good defence to the present action.

The fact that the tenant became the owner of the equity of redemption would not in itself defeat the right to hold the mortgage title free from the claim of dower. The fact that he purchased the equity of the mortgagor, taking a conveyance by a warranty deed, " subject to the mortgage," would not affect his right to hold the mortgage as assignee by an after acquired title, with all the rights of the original mortgagee. A purchase of an equity of redemption is always a purchase of an estate subject to a mortgage. But the taking of a deed with the recital that the premises are subject to a mortgage does not import a promise on the part of the grantee to pay such mortgage.

The further inquiry is, whether this mortgage has been paid and discharged. It is said, on the part of the demandant, that such was the effect of the acts of the tenant in January 1859, when, according to the statement of facts, the tenant purchased the mortgage to Knox and wife, and took an assignment thereof to himself, paying therefor the full amount of the original note, and interest from its date, nothing having ever been paid thereon. Upon a careful revision of the cases to which we have been referred by the counsel for the demandant, we think they fail to sustain the position that this transaction amounted to a payment and discharge of the mortgage. It differs from many of them in the fact that this was a purchase, and in form an assignment of the mortgage. It differs from the cases where there was an agreement on the part of the purchaser of the equity that he would pay and redeem the mortgage.

It was said by this court in *Brown* v. *Lapham*, 3 Cush. 554, 555, " if the money is advanced by one whose duty it is by contract or otherwise to pay and cancel the mortgage, and relieve the mortgaged premises of the lien, a duty in the proper performance of which others have an interest, it shall be held to be

a release and not an assignment, although in form it purports to be an assignment. Where no such controlling obligation or duty exists, such an assignment shall be held to constitute an extinguishment or an assignment, according to the intent of the parties, and their respective interests in the subject will have a strong bearing upon the question of such intent." Upon examining the facts in this case, we find no obligation on the part of the defendant to pay this mortgage, and his interest clearly required him to hold the same by assignment, as this was the only effectual mode to secure his rights against a claim of dower in the entire estate, discharged of the mortgage. As the holder of the equity of redemption, and to make the same effectual, he might well purchase the mortgage and take an assignment of the same, paying therefor the amount of the original note with interest, without reviving the right of dower, which had been legally barred, or, as in the present case, had never existed, to the extent of the debt secured by the mortgage. *Popkin* v. *Bumstead*, 8 Mass. 491. *Gibson* v. *Crehore*, 3 Pick. 475. *Hunt* v. *Hunt*, 14 Pick. 383. The result is, therefore, that, as the tenant holds the right of the mortgagee, the demandant cannot maintain this action. *Judgment for the tenant.*