ALBANY,
August, 1810.

HITCHCOCK
v.
HARRINGTON.

HITCHCOCK and ANNE, his wife, *against* HARRINGTON.

The same *against* YATES.

*A. by inden-ture conveyed land in fee to B. who executed a mortgage for the same land to A. to secure the consideration money. B. died in possession of the land, after the debt became due, and leaving the mortgage debt unsatisfied. C. a tenant, took a release of the land from the heir of B., and paid off the mortgage. After the lapse of 25 years, the widow of B. brought an action to recover dower in the land. It was held, that the widow was entitled to dower in the land, and damages from the death of her husband; that the tenant claiming under the heir of B. could not object to his seisin; but that the mortgage being satisfied, he was held to be seised from the time of the original conveyance.*

THESE were actions of *dower*, brought to recover the dower of *Anne*, who was the wife of *Moses Northrop*, deceased, in lot no. 168. in *Pittstown*, in the county of *Rensselaer*. The defendants pleaded, 1. That *Moses Northrop* was in full life, at the commencement of the suits; to which the plaintiffs replied the death of the said *Northrop*, on which issue was joined; 2. *Ne unque accouple*, &c. to which the defendants replied the marriage, and took issue thereon; 3. *Ne unque seisie que dower*, &c.

The wife of *Hitchcock*, the plaintiff, was married, on or about the 2d of *January*, 1774, to *Moses Northrop*, by whom she had issue. On 3d of *May*, 1774, *William Smith*, for the consideration of 170*l.* conveyed the lot no. 168. in fee, to *Northrop*, who executed a mortgage, on the 5th of *May*, 1774, to *Smith*, of the same lot, to secure the payment of the consideration money, with interest, on or before the 5th of *May*, 1777. *Northrop* took possession of the lot, and resided thereon with his family, until his death, the 5th of *July*, 1778, and left the mortgage unsatisfied. Some time after the death of *Northrop*, his wife and family left the premises. On the 6th of *October*, 1790, *Smith* executed separate leases of the premises to *John Bayles*, and *Nehemiah Bayles*, to each of them 84 acres, for the term of ten years, at the yearly rent of 1 shilling *per* acre. The lessees entered

The mortgagor, notwithstanding the mortgage, is deemed seised, and is the legal owner of the land, as to all persons, except the mortgagee and his representatives.

A sale by the heir will not prevent the widow from recovering damages from the death of the ancestor; nor will a delay in bringing her action prejudice her claim for damages; and the tenant, if he would excuse himself from damages, must plead *tout temps prist.*

Under an issue of *seisin*, in dower, the statute of limitations cannot be given in evidence, but should be pleaded. *It seems*, that the statute of limitations, in regard to real actions, does not apply to actions of dower.

4

into possession, and about the 29th of *October*, 1799, **ALBANY,** **August, 1810.**
*Moses Northrop*, the son and heir of *Moses Northrop*, de-
ceased, for the consideration of 165 dollars, conveyed all **HITCHCOCK**
his right and title in the lot to *Nehemiah Bayles*, who af- **v.** **HARRINGTON.**
terwards conveyed the one half of the said lot to *Jona-*
*than Rouse*, under whom *Yates* held, and the other half
of the same lot to the other defendant, *Harrington*. On
the 24th of *September*, 1806, the mortgage was paid off
and satisfied by *Bayles* and *Rouse*.

The widow of *Moses Northrop*, deceased, before the
commencement of the present suit, married *Hitchcock*,
the plaintiff.

Two questions were raised for the consideration of
the court; 1. Whether the demandant *Anne*, was en-
titled to recover dower of the defendants ; and if so, 2.
Whether she was entitled to damages from the death of
her former husband, *Moses Northrop*, or only from the
time the defendants came into possession. It was agreed,
that the damages should be assessed according to the
rule to be established by the court.

*Weston*, for the demandant. 1. By the statute,* the widow * *Laws,* vol. 1.
is entitled to dower of all the lands of her husband which *sess.* 10. c. 4.
were his, at any time during the coverture. If an estate
in the lot in question was vested in *Moses Northrop*, then
the right of the wife to dower became also vested, and
cannot be devested, by any subsequent act of the husband.
In the case of *Nash* v. *Preston*,† *J. S.* being seised in † *Cro. Car.* 190.
fee, bargained and sold to the *husband*, for 120 pounds,
in consideration that he should redemise it to *J. S.* and
his wife for lives, rendering a pepper corn, and on con-
dition that if he paid the 120 pounds, at the end of 20
years, the bargain and sale to be void. The bargainee
redemised and died, and it was held, that his wife was
entitled to dower. The case of *Broughton* v. *Randall*‡ ‡ *Cro. Eliz.* 502,
is very strong to this point. There the father and 503.
son were joint-tenants, and were both hanged together,

ALBANY,
August, 1810.

HITCHCOCK
v.
HARRINGTON.

and because the son survived, by showing tokens of life after the father, the estate was held to vest in him, by survivorship, so as to entitle the wife to dower. Though the seisin of the husband, for a transitory instant only, where the same act which gives him the estate also conveys it out of him again, is not sufficient : yet if the land abides in him, for a moment, the wife becomes entitled to dower.* Thus in *Taylor's* case,† where the husband gained a tortious seisin, the wife was held to be entitled to dower, as against the person benefited by, and deriving an estate by such tortious act ; as where a tenant at will made a feoffment in fee, and died, and his wife brought dower ; the feoffee was estopped to say, that the feoffor was never seised.

* 2 *Bl. Com.* 132, 133.
† Cited in *Wm. Jones*, 317. 2 *Bac. Abr.* 371. *Dower*, (C.)

Though the mortgage was given, in this case, to secure the purchase-money ; yet the estate was vested in the mortgagor, by the first conveyance.

2. The demandant is entitled to damages from the death of her husband to the time she recovers seisin of her dower by the judgment of the court.‡ The mortgagor is regarded as the owner of the land, and having died in possession, he must be considered as having died seised.§

‡Stat. *sess.* 10. c. 4. s. 2.

§ *Co. Litt.* 32. a. 2 *Bac. Abr. Dower*, (I.)

*Sudam*, contra. The mortgage being executed for the consideration money, the deed and the mortgage must be considered as simultaneous acts ; and the widow ought not to be entitled to bring her action for dower, until she has paid off the mortgage.

Again, more than 25 years have elapsed since the death of *Northrop*, in 1778 ; during all which time there has been an adverse possession in the defendants. Is not the widow barred by such a lapse of time ?

While this mortgage was outstanding, the mortgagor could not be considered as dying seised, so as to entitle the wife to dower.

*Henry*, in reply. The only point is, whether the husband, *Northrop*, was seised of the lot in question. There was an absolute conveyance in fee from *Smith* to him, by which he was so seised that the land would pass to his heir.

As to the objection of the lapse of time, if that is to be a bar in this case, it ought to have been pleaded ; for it cannot be set up under the issue of seisin. But it cannot be a bar, for the defendants are estopped from saying they do not hold under the mortgagor. Again, the right of *Northrop* was recognised by *Bayles*, who took a release from the heir. It also appears, that the mortgage has been fully paid off and satisfied ; it is, therefore, not to be regarded. It is extinct, and a nullity, and can be no obstacle to the demandant's recovery.

The damages to be recovered depend altogether on the *seisin* of the husband; and must be recovered in gross; and the tenants must have their remedy over against those from whom they derive title.

KENT, Ch. J. delivered the opinion of the court. The first question arising upon this case is, whether the husband was so seised of the premises, during the coverture, as to entitle his wife to dower.

The objection of the want of seisin in the husband, cannot be received from the defendants, as they hold under the husband, by virtue of conveyances from his son and heir at law. The husband died in possession, without any previous entry or foreclosure by the mortgagee, and it ought not to be permitted to the heir, or person claiming under him, and enjoying the estate, to deny the seisin of the ancestor. In *Taylor's* case, 34 *Eliz.* (cited in Sir *W. Jones*, 317.) it was held, that if a tenant at will or for years made a feoffment in fee and died, and his wife brought dower against the feoffee, he could not plead that the husband was not seised. But if the defendants are allowed to make this objection, I think it

cannot avail them here, as the mortgage no longer exists. It was paid off and discharged, without having been foreclosed. The mortgage estate is extinct; and the defendants hold under the title and seisin of the husband, existing prior to the mortgage. By discharging the mortgage, the title is to be deduced from the original purchase of the husband, and he is to be considered as having been seised *ab initio.* The defendants do not pretend to hold under the mortgage. The mortgagee exercised no other act of ownership than making a lease for years. The title of the defendants is wholly from the heir; and when the heir sold, the amount of the mortgage was no doubt deducted from the purchase-money; and the redemption of the mortgage was for the benefit of the title derived from the heir. The question is here the same as if the heir of the husband was the defendant; and I cannot perceive any principle that would allow him to set up a satisfied mortgage in bar of dower. It is now the settled law in this court, and the same principle has been recognised in the court for the correction of errors, that the mortgagor is to be deemed seised, notwithstanding the mortgage, as to all persons except the mortgagee and his representatives. When his interest is not in question, the mortgagor, before foreclosure, or entry under the mortgage, is now considered, at law, as the owner of the land; and it does not lie with the heir or his assignee, to deny the seisin, and defeat the wife of her dower.

If the present tenant was the mortgagee, or a person deriving title under the mortgage, the case would present a very distinct subject for consideration; and the question would then arise, whether the husband acquired a seisin by his deed of the 3d of *May,* 1774, competent to entitle his wife to dower, notwithstanding a mortgage to secure the purchase-money was presently, upon delivery of the deed, re-executed by him. But as that question does not necessarily present itself, the court forbear to discuss and decide it. It

is sufficient, in this case, to say, that as the tenant claims title under the seisin of the husband, and no right arising under the mortgage, and existing in the tenant, is set up, the tenant cannot be permitted to avail himself of a satisfied mortgage, in bar of the demandant's right of dower. The same principle ought, perhaps, equally to estop him from setting up an existing mortgage, because we now regard the mortgage estate only for the benefit of the mortgagee and his assigns. As to the rest of the world, so long as it is not put in force, it is only a pledge or lien on the land, with which they have no concern any further than not to disturb it. The objection then to the demandant's right to recover totally fails.

2. The remaining question is, whether any, and what damages the demandant is entitled to recover. The statute of *Merton*, which we have adopted, (*Laws*, vol. 1. *sess.* 10. c. 4. s. 2. p. 51.) gives the widow damages from the death of her husband, provided the husband died seised. The husband, in this case, died in possession, after the mortgage debt had become due, but without foreclosure, or entry by the mortgagee. According to the settled doctrine in our courts, and to which I have already alluded, (1 *Caines's Cas. in Error*, 47. and 4 *Johns. Rep.* 41.) he is to be considered as dying seised of the inheritance, in respect to the dower of his wife, and within the purview of the statute. It is only as against the mortgagee, that the mortgagor is regarded as *quasi* a tenant at will. He is considered as the owner of the inheritance, in respect to the rest of the world, and to every beneficial purpose that concerns himself; nor does the sale of the estate to the present defendants make any alteration in the rule of damages. It was held in *Brown and Wife* v. *Smith*, (cited in *Buller's N. P.* 117.) that if the heir sell to *I. S.* and the widow recover against him, he must pay the whole mesne profits, from the death of the husband, though he has not himself been half the time in possession. The widow is entitled to these damages under the statute, and she can recover only against

<div style="margin-left:1em">

ALBANY,
August, 1810.

</div>

the tenant. Nor does her omission to show a demand of her dower prejudice her claim to damages in this case; for it was decided in the *K. B.* in *Dobson* v. *Dobson,* (*Cases temp. Hardw.* 17.) that though no demand of dower *in pais* be shown; yet the tenant, if he would excuse himself from damages, must plead *tout temps prist;* and unless he so plead, he shall not take advantage of the *laches* of the widow in not demanding her dower. The same rule has been repeatedly recognised. (*Co. Litt.* 32. b. 33. a. *Buller's N. P.* 117.)

The statute of limitations, which was mentioned in the argument, as another ground of defence, cannot apply here, if it be applicable at all to this action. It was not pleaded. The pleas which were put in, were all to precise, specific facts; and under neither of them could or ought such a matter to be given in evidence.

Upon the whole, the demandant is entitled to judgment for her dower, in the whole lot in question, together with her damages, from the death of her husband.

Judgment for the demandant.