1828.

Rogers
v.
Rogers.

---

*ROGERS AND OTHERS *v.* ROGERS AND OTHERS.                [*188]

Where a party delayed a year and six months in applying to the Chancellor
to correct a mistake made in drawing up a decree, leave to amend the de-
cree was refused.

The personal property of a testator must be first exhausted in the payment
of his debts, before his real estate can be resorted to for that purpose. But
where there is a specific lien on the land devised, as in case of a mortgage;
or where the land is devised upon the condition of paying the debts: or
where the debts are directed to be paid out of the estate devised; in these
cases the real estate will be first resorted to, to discharge the debts. So
where it is apparent from the will, the testator's intention was, that the
legacies should be paid entire and the debts discharged out of other funds,
the court will carry such intention into effect.

A judgment is not a specific lien upon the real estate of the debtor.

Where the will of the testator contains no directions as to the payment of
debts, chattels specifically bequeathed must be applied to the payment of
a judgment against a testator before resort is had to the real estate devised.

A trustee in the possession of land is required to account to the *cestui que
trust*, not only for the rents and profits actually received, but also for the
rents and profits which might have been received.

THE statement of this case is contained in 1 Hopkins'
Rep. 515, and in the opinion of the Chancellor.

Sept. 8th.

*S. A. Foot,* for the complainant:—The complainant is not
too late to move to amend the decree. The personal prop-

1828.

Rogers
v.
Rogers.

erty specifically bequeathed must be first applied to satisfy the judgment in favor of the defendant Halsey Rodgers, before resort can be had to the lands specifically devised. (*McKay* v. *Green*, 3 John. Ch. R. 56; *Livingston* v. *Livingston*, 3 John. Ch. R. 148; *Livingston* v. *Newkirk*, 3 John. Ch. R. 312.) Halsey Rogers should be charged not only with the rents he did receive, but also with those he might have received. He also ought to pay the costs of this suit. Trustees, although only chargeable with negligence, are liable to the payment of costs. (*Caffrey* v. *Darby*, 6 Ves. 488.)

*J. Lansing*, for the defendant Halsey Rogers:—Whether personal property specifically bequeathed is to be resorted to for the payment of debts in preference to the real estate devised, depends upon the intention of the testator to be ascertained from the whole will. Personal property specifically *bequeathed, should only be required to contribute ratably with real estate specifically devised, in the payment of debts. (Toller, 419; 8 Com. Dig. 586, last ed. tit. *Devise; Evelin* v. *Evelin*, 2 Pr. Wms. 659; *Hamilton* v. *Worley*, 2 Ves. jun. 62; *Philips* v. *Brydges*, 3 Ves. 120; *Waring* v. *Ward*, 5 Ves. 670; *Waring* v. *Ward*, 7 Ves. 332; *Smith* v. *Smith*, 4 John. Ch. R. 449; 1 Brown Ch. Cas. 457.) The defendant being an executor and having acted with good faith, is entitled to costs out of the fund. (*Moses* v. *Murgatroyd*, 1 John. Ch. Rep. 473; *Smith* v. *Smith*, 4 John. Ch. Rep. 449.) A purchaser is exempt from costs where a sale is set aside for implied fraud. (4 John. Ch. Rep. 608; 1 John. Ch. Rep. 153; 3 Pr. Wms. 303; 3 Brown's Ch. Cases, 25.)

[*189]

THE CHANCELLOR:—The application to amend the original decree in this cause, if it had been made in time, might have been allowed, provided there was an obvious omission or mere mistake in drawing up the decree. If the complainants ever had any remedy of this kind, which is somewhat doubtful as to part of their claim at least, it has been lost by

delay. They were apprized of the supposed mistake in the decree, and their attention was particularly called to it, as early as March, 1827, when the objections were made to the draft of the master's report. The same was again brought distinctly to their notice by the exceptions to the report, and the argument of those exceptions before the late Chancellor. At all events, they should have applied immediately after the decision of the Chancellor allowing those exceptions, on the express ground of the omission in the decree which is now alleged to have been by mistake. If it was an obvious mistake, the counsel who had then the management of the cause were bound to notice it, and have the mistake corrected. If it was not obviously wrong, and a clear mistake of the Chancellor or the counsel in drawing up the decree, it could only be corrected on a rehearing. The motion to amend must therefore be denied. Neither is the party entitled to the items rejected by the allowance of the exceptions, under the supposition that they are included in the equity reserved under the original decree. It was the *intention of the Chancellor to have everything relating to that subject embraced in the account taken under the reference which was then made.

The question whether the personal property specifically bequeathed is to be applied in satisfaction of the judgment before the lands specifically devised can be resorted to, was reserved by that decree, and will now be disposed of. The personal property is the primary fund for the payment of the debts of the testator ; and, as a general principle, must be exhausted before the lands can be resorted to for that purpose.[1] It is not necessary to examine the question whether the executor was bound to apply the personal property specifically bequeathed to his mother, in satisfaction of the judgment, in preference to the lands which de-

[1] *Hoes* v. *Van Hoesen,* 1 Comst. 120 ; *McCampbell* v. *McCampbell,* 5 Litt. 95 ; *Hull* v. *Hull,* 2 McCord, Ch. 302 ; *Stewart* v. *Ex'r of Carson,* 1 Desaus. 500, 513. See further Am. Ch. Dig. by Waterman, tit. *Assets.*

[*190]

scended to the heirs generally, as the amount of both will be insufficient for that purpose.

Where there is a specific lien on the land devised, as in the case of a mortgage, or where the land is devised on condition of the payment of debts, or the debts are directed to be paid out of the estate devised, and where it appears from the will, that it was obviously the intention of the testator that the legacy should be received entire, and the debts paid out of other funds, the court will marshal the property in such manner as to carry that intention into effect. But a judgment is not a specific lien upon anything. It is a general lien upon all the property of the debtor;[1] but it cannot be enforced against the real estate until the sheriff has sold the personal property. If the testator specifically bequeaths his chattels to one person, and devises his real estate to another, without any directions as to which property shall be appropriated to satisfy an existing judgment against him, the personal property must first be applied to that object. In this case, the personal property specifically bequeathed must be applied towards the judgment debt, before any resort can be had to the lands which went to the devisees under the will; and interest must be cast upon the amount thereof as ascertained by the master. Unless Halsey Rogers elects to take the lands which descended to the heirs at law, at their value as settled by the master, they must be sold, and the *proceeds thereof also applied to diminish the amount reported due on the judgment. And on the confirmation of the report of that sale, the master must apportion the balance still remaining due, upon the several parcels of land specifically devised, in proportion to their present value, exclusive of improvements made thereon since the death of the testator. But as the widow of the testator received the life estate in the 75 acres devised to her, in lieu of her dower in the lands devised to the other

[1] *Haleys* v. *Williams,* 1 Leigh, 140; *Morris* v. *Mowatt,* 2. Paige 586; *Edmeston* v. *Lyde, post,* 637.

persons named in the will, and has never claimed dower in those lands, the value of her life estate in the seventy-five acres at the death of the testator, must be deducted from the present value of the lands devised to Halsey Rogers in making such apportionment.

After the master had ascertained the amount chargeable on the lands devised to Thomas Rogers, jun., and his children, he must state an account between the devisees thereof, and Halsey Rogers, crediting the latter with the amount thus ascertained to be chargeable thereon, and charging the value of the timber cut by him, or by his permission or directions, and the rents and profits received, or which might have been received by him; and charging interest as directed in the former decree. And on confirmation of the master's report, if a balance is found due from Halsey Rogers, he must pay that balance into court for the benefit of those devisees; and if there is still a balance due to him, the land must be sold to satisfy that balance.

Upon the principles and grounds on which the original decree in this cause was made, the complainants are entitled to recover against the defendant, Halsey Rogers, their costs of this suit to be taxed, excepting the costs of their application to amend the original decree, and such other costs as have heretofore been disposed of in the progress of the suit.

As to the lands devised to the other defendants, after the amount of the judgment debt, which is justly chargeable on such pieces of land respectively, shall have been ascertained by the master, Halsey Rogers, or either of those devisees, must have liberty to go before the master and have an account taken in relation thereto, on the same principles *as those on which the account is directed to be taken in relation to the lands devised to Thomas Rogers, jun., and his children; to the end that on the coming in of the master's separate report as to that account, a decree may be made for the sale of the land, or of such parts thereof as may be necessary to satisfy the amount of the judgment justly charge- [*192]

able thereon. And the costs of taking those accounts, and of the separate report, and all other questions and directions in relation to those lands, must be reserved until the coming in of that separate report.