HEARD NOVEMBER TERM, 1873.

### HORDE *vs.* LANDRUM.

Under proceedings in Equity for partition of the estate of an intestate, a certain tract of land was decreed to be assigned to A, one of the heirs, on his giving bond, with sureties, to the Commissioner, to pay the assessed value of the land. The bond was given, and, afterwards, judgment was recovered thereon, and the land sold by the Sheriff under the execution: *Held*, That A's widow was entitled to dower against the purchaser.

BEFORE CARPENTER, J., AT EDGEFIELD, JUNE TERM, 1873.

This was a petition for dower, filed by Susan E. Horde, against Lewis D. Landrum, in the Court of Probate.

Under proceedings in the Court of Equity for partition of the intestate estate of Evelina V. Horde, deceased, a decree, dated 14th November, 1862, was made by Chancellor Carroll, assigning a certain tract of land to Grenville Horde, a party to the proceeding and one of the heirs of the intestate, on condition that the

title should not vest until he had given bond, with sureties, to the Commissioner of the Court, to pay the sum at which the land had been assessed by the Commissioners in partition. The bond was given, and an action afterwards brought upon it against Grenville Horde, judgment recovered and execution issued. Under this execution, and others, the land was sold by the Sheriff in December, 1871, and purchased by the defendant.

Grenville Horde died after the sale by the Sheriff. The plaintiff is his widow. They were married on the 11th April, 1862.

The plaintiff claimed that she was entitled to dower in the land, and the Judge of the Court of Probate decreed in her favor.

The defendant appealed to the Circuit Court, on the following grounds:

1st. Because the land was subject to a statutory lien of A. A. 1791, to secure the payment of the purchase money, and was sold by the Sheriff and purchased by the defendant, under a judgment and execution obtained against the said Grenville Horde, in his life-time, for the purchase money.

2d. Because the sale of the Sheriff, under the judgment and execution for the purchase money, secured by the statutory lien, was the destruction of the plaintiff's inchoate possible right of dower.

3d. Because dower does not attach to land mortgaged by the husband to secure payment of the purchase money, and sold by the Sheriff under a judgment and execution obtained for said purchase money during the life-time of the husband.

4th. Because plaintiff's right of dower has never attached to said land. There is no controversy as to the facts.

His Honor, the presiding Judge, affirmed the judgment of the Court of Probate, and the defendant appealed to this Court.

*Addison,* for appellant.

*Youmans,* contra.

April 23, 1874. The opinion of the Court was delivered by

WRIGHT, A. J. All the grounds presented by the appeal involve a single proposition of law, to wit: Whether Landrum, the appellant, who purchased the land at the Sheriff's sale, under judgment against Horde, the deceased husband, one of the judg-

ments having been on the bond given to the Commissioner in Equity, for the sum at which the land was assigned to him, on the partition referred to in the brief, can, by force of the Act of 1791, 5 Stat., 164, bar the widow of her dower in the said land. His argument is, that the *seizin* of the husband is not of such character as will confer on the widow the right of dower ; that under the Act the husband stands in the relation of a mortgagor, and that he (the appellant) is entitled to all the rights of those for whose benefit the lien was provided, as his purchase money satisfied it. The appellant holds under the deed of the Sheriff conveying the property sold under judgment against the husband. It is, in law, the deed of the husband, (*McKnight* vs. *Gordon*, 13 Rich. Eq., 223,) and he cannot aver want of *seizin* in the husband, nor in any way impugn the title under which he himself holds, so as to bar the dower of the wife.—*Platt* vs. *Hayne*, 2 Bail., 319 ; *Pyles* vs. *Reeves*, 4 Rich., 559 ; *Gayle* vs. *Price*, 5 Rich., 525 ; *Lyles* vs. *Picket et al.*, MSS., decided at this Term.

The deed operates as an estoppel, and so our Courts have always held. If, as the Judge of Probate says in his decree, the plaintiff in the judgment had also taken a mortgage to secure the bond given for the purchase money, and Horde had afterwards sold the land to Landrum, who, with the proceeds of the sale, had satisfied the bond, and thus extinguished the mortgage, could Landrum have set it up to defeat the claim of dower on the part of the wife of Horde? That the sale was through the Sheriff in no way changes the relation in which the appellant stands to the mortgage.

Assuming, notwithstanding the order of Chancellor Carroll that the title should vest in Horde on his entering into bond with surety to the Commissioner for the sum at which the land was assessed, (with which he complied,) a lien was created by the statute, still the appellant is not in a position so to avail himself of it as to preclude the right of the wife to her dower. It enures only to the benefit of those for whose security it was intended, and they were the other distributees who were to be compensated by Horde, for their interest in the land, which, on the partition, had been allotted to him. The lien, in its consequences, is to be considered as if a mortgage had been executed to secure the payment of the amount at which the land was assessed. This could have operated as a bar to the dower only so far as the mortgagees and those claiming under them was concerned. *Hitchcock* vs. *Harrington*, 6 John.,

290, in which the opinion pronounced by Chief Justice Kent, and *Collins* vs. *Terry*, 7 John., 282, put the question beyond dispute. See, also, *Willson* vs. *McConnell*, 9 Rich. Eq., 572.

In *Rickard* vs. *Talbert*, Rice's Eq., 170, Johnston, Ch., says: " Where mortgaged lands are sold under a mortgage, whereupon dower has been released, the purchaser takes not only the fee but the dower also. Where a mortgage is satisfied by payment of the debt, the dower reverts to the wife *so instanti.*"

The appellant claims, by his purchase at a Sheriff's sale, under judgment against Horde, the interest of all the other heirs of the intestate, of whom he was one. But the land was sold as his property. No interest of the other distributees had been levied on, nor does the deed under which the appellant holds pretend to convey any interest but that of the defendant in execution, nor could any such interest have been sold when the judgment was against Horde only. The appellant has no title through a foreclosure of the mortgage, or the enforcement of any lien under the statute, but holds the interest of Horde through his purchase under the judgment. He stands only in his stead, and has no equity through which he can be substituted in the place of the other distributees, for whose benefit the lien was created.

The motion is dismissed.

*Moses,* C. J., and *Willard,* A. J., concurred.