HANNAH EVERSON, APPELLANT, *v.* ANDREW McMULLEN, RESPONDENT.

*Release of premises from the lien of a mortgage — when the court will not revive the mortgage in favor of the owner of the premises, as against the widow of the mortgagor claiming dower therein.*

In 1877 the plaintiff's husband died, seized in fee of certain premises upon which there was an outstanding mortgage of $12,000, executed by the plaintiff and her husband. The premises were sold by the husband's executor, subject to the mortgage, for the consideration of one dollar. The purchaser thereafter sold to the defendant a portion of the said premises, which had been, prior to the sale, released and discharged from the said $12,000 mortgage, the release stating that it was made " to the intent that the lands hereby conveyed may be discharged from the said mortgage."

In this action, brought by the plaintiff to recover her dower in the said premises, so sold to the defendant, the defendant claimed that although the $12,000 mortgage had been satisfied as to the premises conveyed to him, the mortgage debt had not been paid, except to the extent of $500; that other mortgages had been executed by the grantees of the husband's executor in substitution for so much of the original mortgage as could fairly be apportioned to this portion of the whole premises; that this was done simply for the convenience of the new purchasers of the several parcels, and that that portion of the $12,000 mortgage ought, in equity, to be revived and reinstated, and that the defendant should be subrogated to the rights of the original mortgagee, and the plaintiff's claim of dower be limited to the equity of redemption.

*Held,* that regard being had to the nominal price paid for the equity of redemption; to the fact that the widow's claim for dower was not released at that sale; to the intent expressed in the written release; to the favor extended by the law to the widow's claim; to the absence of circumstances showing any mistake other than of law, the defendant had not made a case entitling him to revive and reinstate against the plaintiff a mortgage in which he never had any interest, and under which he derived no title.

APPEAL from an interlocutory judgment entered in Ulster county, upon the trial of this action by the court without a jury.

The action was brought by the plaintiff to recover her dower in certain lands of which her husband died siezed.

The court found that Morgan Everson, the plaintiff's husband, at the time of his death, in 1875, was seized of the property in question subject to a mortgage executed by himself and the plaintiff, his then wife, of $12,000 and some accrued interest, owned and held by the Rondout Savings Bank; that the mortgage covered other lands as well as the lands in question; that in 1877 the lands covered by the said mortgage were sold by the said Morgan Everson's executor, and the sale was duly advertised and fairly conducted in the day-time, and the property was bid in by one Samuel D. Coykendall for the sum of one dollar, subject to the said mortgage, and accrued interest of something over $2,000; that the said Coykendall immediately assigned his bid to one Charles M. Preston, and the said executor conveyed said premises directly to said Preston; that said Preston and wife thereupon executed and delivered to the said Rondout Savings Bank a bond and mortgage for $2,000 upon said premises covered by said original mortgage, in payment of said accrued interest; that thereafter said Preston and wife conveyed the said property, covered by the said mortgages, to one Abel A. Crosby, subject to the said mortgages; that the said Crosby and wife afterwards conveyed the premises described in the complaint herein to the defendant, and at the time of this transfer the Rondout Savings Bank satisfied the $2,000 mortgage and released the said premises conveyed to the defendant from the lien of the $12,000 mortgage, and at the same time defendant executed back to the said bank a bond and mortgage on the said premises described in the complaint for $5,500; that the said mortgage was given for the purpose, and was intended to take the place of, the satisfied mortgage and the amount released from the original mortgage, less the sum of $500, which was paid in cash; and that there was no intention on the part of the parties thereto that the giving of the new mortgage should be regarded as a payment, but that the latter mortgage was to be substituted as a continuation, proportionately, of the Everson mortgage and the satisfied mortgage; that the creation of it, and the release of the Everson mortgage in part, and the sat-

isfaction of the mortgage given for interest, as direct liens, occurred at the same time, and that the transaction was not intended as payment; and that no part of the lands mortgaged by the Eversons has ever stood free and clear of incumbrances since their mortgage; and held, as matter of law, that the plaintiff was entitled to dower only in the equity of redemption of the premises described in the complaint.

*G. D. B. Hasbrouck*, for the appellant.

*Charles M. Preston*, for the respondent.

LANDON, J. :

The plaintiff's husband died seized in fee of the premises. She had joined with him in executing the $12,000 mortgage, which, with interest, was unpaid at his death. By joining in the mortgage she released her claim for dower in favor of any person who should thereafter acquire title to the premises under the mortgage. She did not unite in any of the conveyances made since the death of her husband, and under which defendant holds title to the portion of the premises now in question. She has not in any way released her claim of dower except by joining in the $12,000 mortgage. The premises in question have been, since the death of her husband, released from the lien of the mortgage. Her claim of dower is not opposed by any release executed by her, and none exists. It must, therefore, be allowed, unless the mortgage containing her release can be revived and reinstated by the defendant as a bar to her claim of dower. (*Runyan* v. *Stewart*, 12 Barb., 537; *Hitchcock* v. *Harrington*, 6 Johns., 290; *Collins* v. *Torry*. 7 id., 278; *Coates* v. *Cheever*, 1 Cow., 479; *Bartlett* v. *Musliner*, 28 Hun, 235.)

If the $12,000 mortgage were still a subsisting lien upon the premises, the widow would, against the mortgagee, only be entitled to dower in the equity of redemption of which the husband was seized, unless she or her husband's personal estate contributed to the redemption of the land from the lien of the mortgage.

The defendant here claims that although the mortgagee has been satisfied as to the premises conveyed to him, the mortgage debt has not been paid, except to the extent of $500; that other mortgages have been executed by the husband's grantees in substitution for so

much of the original mortgage as could fairly be apportioned to this portion of the whole premises, and this was done simply for the convenience of the new purchasers of the several parcels of the whole premises, and that equity ought to revive and reinstate that portion of the $12,000 mortgage thus released, and that the defendant should be subrogated to the rights of the original mortgagee, and that the plaintiff's claim of dower be limited to the equity of redemption. This view was adopted by the trial court.

We are cited to cases in which the purchaser of the husband's equity of redemption has, instead of paying the mortgage upon the premises, taken an assignment of it, and been allowed to assert the mortgage against the widow's claim of dower. (*Delisle* v. *Herbs*, 25 Hun, 485; *Russell* v. *Austin*, 1 Paige, 192.) Also where the mortgagee enters under the mortgage and the husband releases the equity of redemption to him. (*Van Dyne* v. *Thayre*, 19 Wend., 162.) And where the heir has been compelled to redeem the land the widow, who united in the mortgage, in order to obtain dower, has been obliged to contribute her ratable proportion of the moneys paid to redeem the mortgage. (*Swaine* v. *Perine*, 5 Johns. Ch., 491.) And where, having the power of sale as executrix of her husband, she sold the land, and her husband's mortgagees took the purchaser's mortgage in place of the one held by them against her husband for purchase-money, the substituted mortgage was reckoned as to the proceeds of the sale the same as the original mortgage in estimating dower between herself and the heirs. (*Evertson* v. *Tappen*, 5 Johns. Ch., 511.) The court said they were not called upon to decide whether she would have a claim of dower against the purchaser, but intimated that she was probably barred by her own deed. In all these cases the original mortgage was actually or equitably in life. Here the original mortgage no longer exists with respect to the premises held by the defendant.

The husband's equity of redemption was sold after his death by his executor for one dollar. The purchaser, no doubt, deducted the amount of mortgage from the actual consideration. This circumstance was regarded in *Hitchcock* v. *Harrington* (6 Johns., 294) as showing that the mortgage was redeemed for the benefit of the title acquired under the husband. It was, of course, known that the sale by the executor did not bar the widow's dower, and that the

only way this could be done, without her consent, was to sell the premises under the mortgage. If the sale had also been of her claim for dower, possibly the premises would have brought more.

Of course, the mortgage could have been kept on foot by assignment, as in the cases cited, but this was not done. Perhaps the mortgagee was unwilling to assign a part interest in the mortgage. He could not have been compelled to do so. The release of these premises from the lien of the mortgage declares that it was made, " to the intent that the lands hereby conveyed may be discharged from the said mortgage."

Regard being had to the nominal price paid for the equity of redemption ; to the fact that the widow's claim of dower was not released at that sale ; to the intent expressed in the written release of the mortgage ; to the favor extended by the law to the widow's dower ; to the absence of circumstances showing any mistake other than that of law ; we do not think that a case was made entitling the defendant to revive and reinstate against the plaintiff, a mortgage in which the defendant never had any interest, and under which he has derived no title. He was purely a volunteer with respect to the original mortgage. He desired to buy the land in which the widow had a claim of dower, subject to diminution because of the mortgage. Instead of buying it subject to the mortgage, he had that mortgage discharged, so that his title would be originally free from it. He, therefore, never was surety for the payment of the original mortgage, and is not entitled to subrogation. (*Wilkes* v. *Harper*, 1 N. Y., 586.)

The interlocutory judgment should be modified so as to direct the referee to proceed in accordance with this opinion. Costs of this appeal allowed to the appellant. (Code Civil Pro., § 1224.)

LEARNED, P. J., BOCKES, J., concurred.

Judgment interlocutory, modified according to opinion, with costs of appeal, judgment to be settled before LANDON, J.