Landon, J.—The
plaintiff’s husband died siezed in fee of the premises. She had joined with him in executing the $12,000 mortgage, which with interest was unpaid at his death. By joining in the mortgage she released her claim for dower in favor of any person who should thereafter acquire title to the premises under the mortgage. She did not unite in any of the conveyances made since the death of her husband, and under which the defendant holds title to the portion of the premises now in question. She has not in any way released her claim of dower except by joining in the $12,000 mortgage.
The premises in question have been, since the death of her husband, released from the lien of the mortgage. Her claim of dower is not opposed by any release executed by her, and none exists. It must, therefore, be allowed, unless *357 the mortgage containing her lease can be revived and reinstated by the defendant as a bar to her claim of dower. Runyan v. Stewart, 12 Barb., 537; Hitchcock v. Harrington, 6 Johns., 290; Collins v. Torry, 7 Johns., 278; Coats v. Cheever, 1 Cow., 479; Bartlett v. Musliner, 28 Hun, 235.
If the $12,000 were still a subsisting hen upon the premises the widow would against the mortgagee, only be entitled "to dower in the equity of redemption of which the husband was seized, unless she or her husband’s personal estate contributed to the redemption of the land from the lien* of the mortgage.
The defendant here claims, that although the mortgage has been satisfied as to the premises conveyed to him, the mortgage debt has not been paid, except to the extent of $500; that other mortgages have been executed by the husband’s grantees in substitution for so much of the original mortgage as could fairly be apportioned to this portion of the whole premises, and this was done simply for the convenience of the new purchasers of the several parcels of the whole premises, and that equity ought to revive and reinstate that portion of the $12,000 mortgage thus released, and that, the defendant should be subrogated to the rights of the original mortgagee, and that the plaintiff’s claim of dower be limited to the equity of redemption. This view was adopted by the trial court.
We are cited to cases in which the purchaser of the husband’s equity of redemption has, instead of paying the mortgage upon the premises, taken an assignment of it, and been allowed to assert the mortgage against the widow’s claim of dower. Delisle v. Herbs, 25 Hun, 485; Russell v. Austin, 1 Paige Ch., 192. Also, where the mortgagee enters under the mortgage and the husband releases the equity of redemption to him. Van Dyne v. Thayre, 19 Wend., 162. And where the heir has been compelled to redeem tíre land, the widow who united in the mortgage, in order to obtain dower, has been obliged to contribute her ratable proportion of the moneys paid to redeem the mortgage. Swaine v. Perine, 5 Johns. Ch., 491. And where, having the power of sale as executrix of her husband, she sold the land, and her husband’s mortgagees took the purchaser’s mortgage in place of the one held by them against her husband for purchase money, the substituted mortgage was reckoned as "to the proceeds of the sale, the same as the original mortgage in estimating dower between herself and the heirs. Evertson v. Tappen, 5 Johns. Ch., 511.
The court said they were not called upon to decide whether she would have a claim of dower against the *358 purchaser, but intimated that she was probably barred by her own deed.
In all these cases, the original mortgage was actually or equitably in life. Here the original mortgage no longer exists with respect to the premises held by the defendant. The husband’s equity of redemption was sold after his death by his executors for one dollar. The purchaser, no doubt, deducted the amount of mortgage from the actual consideration. This circumstance was regarded in Hitchcock v. Harrington (6 Johns., 294), as showing that the mortgage was redeemed for the benefit of the title acquired under the husband.
It was, of course, known that the sale by the executor did not bar the widow’s dower, and that the only way this could be done, without her consent, was to sell the premises under the mortgage. If the sale had also been of her claim for dower, possibly the premises would have brought more.
Of course, the mortgage could have been kept on foot by assignment, as in the cases cited, but this was not done. Perhaps the mortgagee was unwilling to assign a part interest in the mortgage. He could not have been compelled to do so. The,release of these premises from the lien of the mortgage declares that it was made “to the intent that the lands hereby conveyed may be discharged from the said mortgage.”
Regard being had to the nominal price paid for the equity of redemption, to the fact that the widow’s claim of dower was not released at that sale; to the intent expressed in the written release of the mortgage; to the favor extended by the law to the widow’s dower; to the absence of circumstances showing any mistake other than of law, we do not think that a case was made entitling the defendant to revive and reinstate against the plaintiff a mortgage in which the defendant never had any interest and under which he has derived no title.
He was purely a volunteer with respect to the original mortgage. He desired to buy the land in which the widow had a claim of dower, subject to diminution because of the, mortgage. Instead of buying it, subject to the mortgage, he had that mortgage discharged, so that his title would be originally free from it. He, therefore, never was surety for the payment of the original mortgage, and is not entitled to subrogation. Wilkes v. Harper, 1 N. Y., 586.
The interlocutory judgment should be modified so as to direct the referee to proceed in accordance with this opinion. Costs of this appeal allowed to the appellant. Code Civ. Pro., § 1224.
Learned, P. J., and Bookes, J., concur.